UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.                                                  15-CR-143-V

**DARRYL WILLIAMS,**

      **Defendant.**

## DECISION AND ORDER

On October 9, 2017, the defendant, Darryl Williams, filed a motion seeking reconsideration of this Court's August 10, 2015 Order of Detention Pending Trial (Dkt. No. 21). Dkt. No. 261. The government filed a response opposing defendant's request for bail (Dkt. No. 279), and I heard oral argument on November 1, 2017, and reserved decision at that time.

I have considered the arguments of counsel and see no material change in Mr. Williams' circumstances that justifies reconsidering his detention. 18 U.S.C. § 3142(f). As I set forth in Mr. Williams' Order of Detention, a grand jury found probable cause to believe that he committed crimes which give rise to a presumption of danger to the community and he failed to rebut that presumption. This statutory presumption taken with Mr. Williams' lengthy criminal history convinced me by clear and convincing evidence that there were no reasonable terms and conditions that I could impose that would reasonably assure the safety of the community or of individuals within the community. These circumstances continue to militate against Mr. Williams' release.

Mr. Williams argues that his 27-month pretrial detention violates due process. Dkt. No. 261, pp. 4-5. I do not agree. In resolving constitutional challenges to pretrial detention, a court must examine: (1) length of detention; (2) the extent to which the prosecution is responsible for delaying the start of the trial; and (3) "the strength of the evidence upon which the detention was based." *United States v. Orena*, 986 F.2d 628, 630 (2d Cir. 1993). At this juncture, I find that Mr. Williams' detention, while lengthy, is not unconstitutionally excessive. *See United States v. El-Hage*, 213 F.3d 74, 79-81 (2d Cir. 2000) (projected pretrial detention of 30-33 months constitutional); *United States v. El-Gabrowny*, 35 F.3d 63, 64-65 (2d Cir. 1994) (27 months not unconstitutionally excessive); *United States v. Millan*, 4 F.3d 1038, 1043-44 (2d Cir. 1993) (likely detention of 31 months constitutionally permissible). This is especially true because I detained Mr. Williams based on dangerousous, rather than risk of flight. The permissible limits on pretrial detention based on dangerousness "may be looser" because release of a dangerous person involves risk to others. *Orena*, 986 F. 2d at 631.

Regarding the second factor, I find that the government does not bear sole responsibility for the delay of trial. Although the government has twice superseded the indictment (Dkt. No. 53 and 217), there is nothing to suggest that this was done in bad faith or to delay the case. This case is extremely complex, involving so many defendants and such voluminous discovery that it qualifies for "mega case status." *See* Minutes of proceedings held on 1/12/2016. For this reason, many of the defendants, including Mr. Williams, have requested adjournments of the scheduling order. *See, e.g.*, Dkt. Nos. 32, 36, 40. It is my understanding that the government does

not intend to supersede the indictment again and stands ready to try this case as soon as I resolve the remaining pretrial motions. These motions will be fully briefed by the end of this month and I intend to resolve them in short order so the district judge can set a trial date.

Lastly, I detained Mr. Williams based on strong evidence of his propensity for engaging in criminal activity set forth in the Pretrial Services Report referenced in the August 10, 2015 Order of Detention. Based on the foregoing, Mr. Williams' motion for reconsideration of bail is hereby DENIED, and the defendant shall remain in the custody of the U.S. Marshals Service.

In a related matter, Mr. Williams has requested that I lift the Protective Order filed on June 16, 2017, which prohibits defense counsel from providing copies of the discovery to the defendants. Dkt. No. 200. I note that the Protective Order, which was imposed to protect witnesses, does allow a defendant to review discovery material in the presence of defense counsel. Dkt. No. 200, p. 2. Counsel complains that he cannot mail documents to the Lockport facility where Mr. Williams is housed, but must physically bring them to the jail for Mr. Williams' review. Dkt. No. 261. At this juncture, I find that the inconvenience to counsel in bringing documents to a local facility does not outweigh the need to protect cooperating witnesses, including co-defendants.

For this reason, Mr. Williams' motion to lift the Protective Order is hereby DENIED without prejudice to renew. Should Mr. Williams be transferred to a facility that is not in the Western District of New York, counsel may renew his motion to lift the Protective Order.

**SO ORDERED.**

DATED: Buffalo, New York
November 2, 2017

*s/ H. Kenneth Schroeder, Jr.*
H. KENNETH SCHROEDER, JR.
**United States Magistrate Judge**